## WILLARD C. BRUSON

### V.

## MARY J. CLARK.

*Negotiable Instruments—Notes—Practice—New Trial.*

In an action upon a promissory note, there being a verdict for the plaintiff, defendant subsequently moving for a new trial upon the ground that he was prevented, through sickness, from attending the trial, and presenting his case as set up in his plea of set-off and bill of particulars filed, this court declines to interfere with the action of the Circuit Court denying the same.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. BOOTH & BOOTH, for appellant.

·Mr. B. C. COOK, for appellee.

HARKER, J.   This was an action of assumpsit upon a promissory note executed by appellant to the Chicago National Bank and assigned by the bank to appellee.   Appellant filed pleas of non-assumpsit and set-off.

The case was tried by a jury on the 7th of October, 1890, in the absence of appellant, and resulted in a verdict for the amount due on the note—$1,120.   Appellant afterward moved for a new trial upon the ground that he was prevented, through sickness, from attending the trial and presenting his case as set up in his plea of set-off and bill of particulars filed. Several affidavits were presented in support of and several against the motion.   The Circuit Court overruled the motion and entered judgment on the verdict.

It is not claimed the appellant had any defense to the note as such, and his only complaint is that he has been precluded from a presentation and trial of his counter-claim through his misfortune in being sick and the ruling of the court on his motion for a new trial.

It appears from the record that the case had been upon the docket for several terms; that it was continued at one term on the motion of appellant to enable him to take the testimony of absent witnesses; that after such continuance he used no diligence to procure their testimony; that the case was reached for trial on the day before it was tried, when the appellee was present with her witnesses insisting upon a trial, but that trial was deferred on the application of appellant's counsel because of appellant's absence; that when the case was called the next day appellant was still absent; that his counsel thereupon withdrew the plea of set-off, and that the trial was had upon the issue, non-assumpsit.

By his affidavit in support of his motion appellant showed that he was sick and confined to his house in Batavia on the 4th, 5th, 6th and 7th days of October and unable to attend the trial on the 7th.   Neither the court nor his counsel were notified of such sickness until after the trial had been entered upon, although appellant lived but two or three miles from

the court house. He knew the case was subject to call on the 6th, and yet took no steps on that day or the day before to advise his counsel of his condition.

A year before, he had secured a continuance because of the absence of witnesses living in Ohio, New York and Wisconsin, and yet he made no effort to take their testimony or secure the testimony of any witnesses until a few days before the case was called for trial. He has shown no diligence either in preparing for trial or in notifying his counsel of his condition. Really, his exercise of diligence seems to have been confined to efforts to delay judgment on the note.

An inspection of the record does not favorably impress us with appellant's conduct nor the counter-claim set up by him, but if he has a claim against appellee there is nothing to prevent his prosecuting it now.

We can not but commend the action of the Circuit Court in denying the new trial.

*Judgment affirmed.*